Melvin **ROMERO–VASQUEZ,** Petitioner,

v.

Alberto R. **GONZALES, Attorney General, Respondent.**

No. 04–76537.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Filed May 18, 2006.

Edgardo Quintanilla, Esq., Attorney at Law, Sherman Oaks, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Barbara B. Berman, Esq., U.S. Department of Justice Counterterrorism Section/Criminal Div. Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Melvin Romero–Vasquez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals'

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

("BIA") decision affirming an immigration judge's order denying Romero–Vasquez's motion to reopen removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion, *Singh v. INS,* 213 F.3d 1050, 1052 (9th Cir.2000), and we deny the petition for review.

The BIA did not abuse its discretion in concluding that Romero–Vasquez's motion to reopen filed with the IJ was untimely. The court mailed the in absentia removal order to Romero–Vasquez's last known address on October 15, 2002, and Romero–Vasquez did not file his motion to reopen until March 2, 2004. *See* 8 U.S.C. § 1229a(b)(5)(C) (requiring a motion to reopen based on exceptional circumstances to be filed within 180 days after the removal order); *Singh–Bhathal v. INS,* 170 F.3d 943, 946 (9th Cir.1999).

Romero–Vasquez contends that his former attorney failed to inform him of the order of removal. This tolling contention is unpersuasive because Romero–Vasquez was mailed a copy of the order of removal to his last known address, and in addition, Romero–Vasquez does not contend that he did not receive the order. *See Iturribarria v. INS,* 321 F.3d 889, 897–98 (9th Cir.2003) (equitable tolling applies "when a petitioner is prevented from filing due to deception, fraud, or error, as long as the petitioner acts with diligence in discovering" the misconduct).

Romero–Vasquez's remaining contention lacks merit.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.